```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
BOB RAMSEY,

                                            Plaintiff,

            -against-

J.C. SKYNET SERVICE, LLC, doing business as
J.C. Skynet Logistics Service, LLC, and
JULIAN ANTONOVICH, in his individual and
official capacities.

                                            Defendants.
----------------------------------------------------------------------X
```

<u>For Online Publication Only</u>

<u>**ORDER**</u>
21-CV-00469 (JMA) (JMW)

**FILED**
**CLERK**
3:04 pm, Jan 19, 2023
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is a motion filed by Plaintiff Bob Ramsey for default judgment against Defendants J.C. Skynet Service, LLC ("JC Skynet"), and Julian Antonovich.  Plaintiff brings claims against Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (as amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"), and the New York State Human Rights Law ("NYSHRL"), New York State Executive Law §§ 296, <u>et</u> <u>seq.</u>  For the reasons stated herein, Plaintiff's motion for a default judgment is GRANTED against both Defendants and Plaintiff is awarded a total of $150,801.82 for back pay, damages, and attorney's fees.

## I.  DISCUSSION

### A.  <u>Defendants Defaulted</u>

The record reflects that both Defendants were properly served in this action but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.  Accordingly, the Court finds both Defendants in default.

B. <u>Liability</u>

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and to draw all reasonable inferences in the plaintiff's favor. <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. <u>Id.</u>

The Court previously granted Plaintiff's motion for default judgment on the issue of liability. The allegations in the complaint establish that both Defendants are liable under Section 1981 and the NYSHRL for a discriminatory hostile work environment and for retaliation. Defendant J.C. Skynet is also liable under Title VII for a discriminatory hostile work environment and for retaliation. Defendant Antonovich is not liable under Title VII as Title VII does not provide for individual liability.

C. <u>Damages and Attorney's Fees</u>

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" <u>Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC</u>, 779 F.3d 182, 189 (2d Cir. 2015) (quoting <u>Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.</u>, 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." <u>Credit Lyonnais Sec., Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999) (citing <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. <u>See</u> <u>Cement & Concrete Workers Dist. Council Welfare Fund</u>, 699 F.3d at 234.

A prevailing plaintiff in a Section 1981 suit is entitled to recover his reasonable fees and costs. See 42 U.S.C. § 1988(b); see also 42 U.S.C. § 2000e–5(k) (providing attorney's fees to prevailing parties in Title VII cases). In determining a reasonable attorney's fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

The record—which includes detailed affidavits from Plaintiff and his wife—is sufficient to establish the following damages to a reasonable certainty.

Plaintiff has established that he is entitled to $53,142.86 in back pay for all three of his claims. Additionally, Plaintiff has established that, for his Section 1981 claims, he is entitled to: (1) $35,000 in compensatory damages for emotional distress, pain, and suffering, and (2) $45,000 in punitive damages. Given these awards, it is unnecessary to determine the amount of compensatory and punitive damages that Plaintiff can recover under the NYSHRL or Title VII. Any awards of compensatory or punitive damages on Plaintiff's NYSHRL and Title VII claims would be duplicative of Plaintiff's recovery on his Section 1981 claims.

The Court awards Plaintiff $17,658.96 in attorney's fees and costs on his Section 1981 claims. Again, it is unnecessary to determine the amount of attorney's fees for Plaintiff's NYSHRL and Title VII claims as any fees award on these claims would be duplicative of Plaintiff's recovery on his Section 1981 claims.

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted.  The Court awards Plaintiff $150,801.82, consisting of:  (1) $53,142.86 in back pay; (2) $35,000 in compensatory damages; (3) $45,000 in punitive damages; and (4) $17,658.96 in attorney's fees and costs.  The two Defendants are jointly and severally liable for the $150,801.82 total award.  The Court further orders Defendants to pay Plaintiff post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.  The Clerk of the Court is directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated:  January 19, 2022
Central Islip, New York

                                                           /s/     (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE