UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

-----------------------------------------------------------------------X

BOB RAMSEY,

                              Plaintiff,

          -against-

J.C. SKYNET SERVICE, LLC *doing business as*
J.C. Skynet Logistics Service, LLC, and
Julian Antonovici, *in his individual and official capacities*,

                              Defendants.

-----------------------------------------------------------------------X

**<u>ORDER</u>**
21-CV-469 (JMA) (JMW)

**FILED**
**CLERK**

3/14/2025 3:13 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is a motion by Defendants J.C. Skynet Service, LLC ("J.C. Skynet") and

Julian Antonovici ("Antonovici") that seeks to vacate the default judgment entered against them

on January 19, 2023. The default judgment awarded Plaintiff Bob Ramsey $150,801.82 against

Defendants. For the reasons stated below, the Court denies Defendants' motion.

## I.     BACKGROUND

Plaintiff filed his complaint on January 28, 2021, asserting claims against Defendants

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (as amended

in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); 42 U.S.C.

§ 1981 ("Section 1981"); and the New York State Human Rights Law ("NYSHRL"), New York

State Executive Law §§ 296, <u>et seq.</u>

According to the affidavits of service, the summons and complaint were served on J.C.

Skynet through the Secretary of State, and Antonovici was served via substituted service. (ECF

Nos. 7–8.) Specifically, the process server's affidavit attests that he personally served a "Christina

Antonovici" at 46 Red Spring Lane, Glen Cove, New York 11542, and then mailed the summons

and complaint to Defendant Antonovici that same address. (ECF No. 8.)

After Defendants failed to appear, Plaintiff requested a Certificate of Default on April 22,

2021 and filed an affidavit of service affirming that copies of this request were mailed, via certified

mail, to Antonovici at 46 Red Spring Lane and to J.C. Skynet at 210 B Engineers Drive, Hicksville, New York 11801, which was J.C. Skynet's last known place of business. (ECF No. 10.)

After Plaintiff's request for an entry of default was granted, Plaintiff filed a motion for default judgment on June 21, 2021. (ECF No. 12.) The same day, Plaintiff filed another affidavit of service confirming that Defendants were served, via first class mail, with the motion for default judgment at the same respective addresses noted above. (ECF No. 13.)

On March 31, 2022, the Court granted Plaintiff's motion for default judgment as to liability and directed Plaintiff to provide an updated submission concerning damages. On January 19, 2023, the Court issued an order memorializing the grant of default judgment as to liability and awarded Plaintiff $150,801.82 for damages, attorney's fees and costs. (ECF No. 17.) A judgment was entered the same day.

On June 14, 2024—more than sixteen months after the Court issued the default judgment—Antonovici filed a one-page pro se motion to set aside the default judgment. (ECF No. 20.) Antonovici purports to bring this motion behalf of both him and J.C. Skynet. Antonovici's motion claims that he "did not know about this action or judgment" until his business bank account was frozen on June 6, 2024. (Id.) Antonovici asks the Court to vacate the Judgment under both Rule 55 and Rule 60.

On June 27, 2024, Plaintiff filed opposition papers in response to the motion to vacate, asserting, inter alia, that Antonovici's motion was untimely and also failed to satisfy the requirements for vacating a default judgment. (ECF No. 20.) Plaintiff provided the Court with copies of the certified mailings for the Request for a Certificate of Default that were mailed in April 2022. (ECF No. 21, Ex. F.) A certified mailing receipt shows that, on April 27, 2021, Antonovici received and signed for this mailing to him.[1] (Id.) Plaintiff's motion also includes a

---

[1] The April 2022 mailing to J.C. Skynet was returned as undeliverable.

document from the Secretary of State that lists Cristina Antonovici as J.C. Skynet's registered agent. (ECF No. 21, Ex. G.)

Antonovici did not file any response to Plaintiff's opposition and has never submitted a sworn statement to the Court.

## II.    DISCUSSION

### A.    <u>Standard for Vacating a Final Default Judgment</u>

The Court "may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c); see <u>State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada</u>, 374 F.3d 158, 166 n.4 (2d Cir. 2004). That Rule allows the Court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Generally, a motion for relief from a final judgment must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The contours of that timing restriction depend on the relevant provision of Rule 60(b). A motion based on Rule 60(b)(1)-(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(c)(1), whereas a motion based on Rule 60(b)(4) may, "for all intents and purposes," be "'made at any

time.'"  SEC v. Romeril, 15 F.4th 166, 171 n.3 (2d Cir. 2021) (quoting "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 123-24 (2d Cir. 2008)).

The movant bears the burden to satisfy Rule 60(b) because it is "a mechanism for 'extraordinary judicial relief.'"  Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)).  "A party moving for relief under Rule 60(b) generally must 'present highly convincing evidence in support of vacatur' and 'show good cause for the failure to act sooner and that no undue hardship be imposed on other parties.'"  Gater Assets Ltd. v. Moldovagaz, 2 F.4th 42, 53 (2d Cir. 2021) (quoting Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)) (alterations omitted).  Any doubt as to whether to vacate the judgment must be resolved in a defendant's favor.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).  Ultimately, "[t]he decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court."  Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted).

**B.**     **J.C. Skynet's Motion Must be Denied Because an LLC Cannot Proceed Pro Se**

Antonovici purports to bring the instant motion on behalf of both himself and J.C. Skynet. In its opposition brief, Plaintiff correctly asserts that an LLC such as J.C. Skynet cannot proceed in federal court pro se and must be represented by counsel.  J.C. Skynet, however, has not retained counsel.  Because J.C. Skynet cannot pro se, its motion to vacate must be denied.  See Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007).  Moreover, as explained below, J.C. Skynet's motion, like Antonovici's, also fails on other grounds.

**C.**      **The Judgment Is Not Void under Rule 60(b)(4) Based on Alleged Improper Service**

Antonovici asserts that he was not served with the Summons and Complaint.  The Court construes this claim as an argument that the judgment must be vacated as void under Rule 60(b)(4).[2]  This argument fails.[3]

**1.      Standard for Voidness Under Rule 60(b)(4)**

Rule 60(b)(4) allows relief from a default judgment that is "void."  Fed. R. Civ. P. 60(b)(4).  A "void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final."  United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010).  "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule."  Id.  "Rule 60(b)(4) applies only in two situations: 'where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'"  Romeril, 15 F.4th at 171 (quoting Espinosa, 559 U.S. at 270).

A default judgment is void when imposed against a party by a court that lacked personal jurisdiction over that party.  See City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011); "R" Best Produce, Inc., 540 F.3d at 123.  Personal jurisdiction requires (among other things) that "the plaintiff's service of process upon the defendant" was "procedurally proper."  Fuld v. PLO, 82 F.4th 74, 85 (2d Cir. 2023) (quoting Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC, 22 F.4th 103, 121 (2d Cir. 2021)).

**2.      Relevant Standard for Substituted Service**

An individual party to a lawsuit in federal court may be served with process in the United States by "following state law for serving a summons in an action brought in courts of general

---

[2]  Because Antonovici is proceeding pro se, the Court has liberally interpreted his motion and has construed it as raising the strongest argument it suggests.

[3]  Defendants' motion to vacate does not include any allegations that suggest that J.C. Skynet was not properly served.

jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In New York, service upon an individual defendant may be made (among other ways) by (1) delivering the summons to someone "of suitable age and discretion" at the defendant's "dwelling place or usual place of abode of the person"; and (2) mailing, within twenty days, the summons to the defendant's "last known residence." N.Y. C.P.L.R. § 308(2). Such service is "complete" ten days after proof of service is filed. C.P.L.R. § 308(2); see Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997).

### 3.    Analysis

"[I]n a collateral challenge to a default judgment under Rule 60(b)(4), the burden of establishing lack of personal jurisdiction is properly placed on a defendant who had notice of the original lawsuit." "R" Best Produce, Inc., 540 F.3d at 126 ("[A] defaulting defendant with notice of the action should bear the risk of non-persuasion on this issue since it will normally have greater access to relevant evidence often difficult to assemble after the passage of time."); see Burda Media, Inc. v. Viertel, 417 F.3d 292, 299 (2d Cir. 2005). The Court finds that Antonovici had notice of this lawsuit. Accordingly, he bears the burden to establish that the Court lacked jurisdiction over him. See Burda Media, Inc., 417 F.3d at 299 (requiring the defendant to show lack of personal jurisdiction on a Rule 60(b)(4) motion because he was aware of the case two years before the entry of default judgment). As explained below, Antonovici fails to surmount that hurdle. Moreover, even assuming arguendo that Plaintiff bears the burden of proof, Plaintiff has affirmatively established that service was proper and that the Court has personal jurisdiction over Antonovici.

Service upon Antonovici was presumptively valid. "A process server's sworn statement of service creates a presumption that service has been effectuated." De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) (citing Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301

F.3d 54, 57 (2d Cir. 2002)).  Here, the process server's affidavit reflects compliance with Rule 4(e)(1) via CPLR § 308(2).

"A defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing."  Old Republic Ins. Co., 301 F.3d at 57.  However, no hearing is necessary if the defendant fails to submit a sworn statement or "fails to swear to specific facts to rebut the statements in the process server's affidavits."  Old Republic Ins. Co., 301 F.3d at 58 (internal quotation marks omitted). Additionally, "courts may discredit . . . denials of service when there is 'ample evidence from which [to] conclude that [the defendant's] statements lacked credibility.'"  De Curtis, 529 F. App'x at 86 (quoting Old Republic Ins. Co., 301 F.3d at 58).

Antonovici's submission is patently deficient.  First, it is not sworn.  Second, even if it were sworn it would still be deficient.  Antonovici asserts, in conclusory fashion, that service was "improper" and that he "did not know about this action."  (ECF No. 19.)  However, he has not submitted any evidence rebutting the process server's affidavit, which attests that the process server personally served Christina Antonovici at 46 Red Spring Lane, and then mailed the summons and complaint to that same address.  Notably, Antonovici's motion to vacate lists 46 Red Spring Lane as his address.  (ECF No. 19.)  Finally, the factual assertions in Antonovici's submission are incredible.  The record contains ample evidence that Antonovici was aware of this action.

Moreover, even if Antonovici somehow never received the papers served on Christina Antonovici, "failure to receive the hand-delivered copies, however, d[oes] not render . . . service insufficient" under C.P.L.R. § 308(2).  Leung, 2016 WL 1084141, at *9.  "Indeed, if proof of actual receipt was a requirement, the whole premise underlying substituted service would be undermined.  Once the Plaintiff[] delivered a copy of the Summons and Complaint to . . . a person

7

of 'suitable age and discretion,' [he] fulfilled [his] obligation" under the first requirement for service via C.P.L.R. § 308(2)—"regardless of what subsequently happened to those copies."[4] Leung, 2016 WL 1084141, at *9; see Logan v. World Luxury Cars, Inc., No. 15-CV-00248, 2022 WL 2466834, at *6 (E.D.N.Y. Mar. 30, 2022) (rejecting argument that individual defendants "did not receive" the summons and complaint because plaintiff effectuated service via C.P.L.R. § 308(2)), report and recommendation adopted, 2023 WL 156878 (E.D.N.Y. Jan. 11, 2023).

**D.    There is No Other Basis to Vacate the Default Judgment Rule 60(b).**

As the Second Circuit has explained:

> When a district court decides a motion to vacate a default judgment under Rule 60(b), the court's determination is guided by three principal factors:  (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.  Of these factors, willfulness carries the most weight.  Moreover, a district court has discretion to deny a motion to vacate if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense.  In such cases, any absence of prejudice to the non-defaulting party is not dispositive.

In re Orion HealthCorp, Inc., 95 F.4th 98, 104 (2d Cir. 2024) (cleaned up).

A motion pursuant to Rule 60(b)(1)-(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(c)(1).  "This one-year limitations period is 'absolute.'"  Colucci v. Beth Israel Med. Ctr., 531 F. App'x 118, 120 (2d Cir. 2013) (quoting Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000)).  Defendants' motion to vacate the default judgment postdates the judgment by almost a year-and-a-half.  Therefore, any reliance on Rule 60(b)(1)–(3) is untimely.  See id. (affirming denial of Rule 60(b) motion as untimely under the one-year limitations period); Warren, 219 F.3d at 115 (same).

---

[4] With respect to the mailing requirement for service under C.P.L.R. § 308(2), "as long as the plaintiff can show that she used the proper address, the defendant need not actually receive the summons through the mail in order for service to be effective." Corrado v. N.Y. Unified Court Sys., 163 F. Supp. 3d 1, 14 (E.D.N.Y. 2016).

In any event, Defendants' motion also fails substantively. First, the Court finds that Defendants' default was willful. After the Complaint was properly served, Antonovici was sent mail concerning this case on two additional occasions, including one mailing via certified mail that he himself signed for. Antonovici's conclusory and unsworn assertion that he was not aware of this action is not credible and does not even warrant a hearing on the issue of willfulness. The Court also notes that Plaintiff's motion for default judgment was pending for a substantial amount of time before it ultimately decided in January 2023 and Defendants had more than ample time to appear in this action.

Second, Defendants have not identified that they have any meritorious defenses. Antonovici's challenge to service fails and he does not identify any other allegedly meritorious defense.

Third, Plaintiff would be prejudiced by vacatur given: (1) the substantial amount of time that has passed since the events at issue in the complaint; and (2) Plaintiff has already engaged in substantial efforts to enforce the judgment. Moreover, even if prejudice were absent, that would not be dispositive and the Court would still not exercise its discretion in Defendants' favor.

Finally, the Court notes that relief under Rule 60(b)(6) is also not warranted. Rule 60(b)(6) is "a catch-all provision that is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 143 (2d Cir. 2020) (internal quotation marks omitted). Defendants have not established any such "extraordinary circumstances." See Shukla v. Sharma, No. 07-CV-2972, 2014 WL 4437278, at *6 (E.D.N.Y. Sept. 9, 2014) (declining to find that a $238,803 judgment imposed an undue hardship and noting that "all money judgments constitute some form of hardship on the party required to pay the judgment").

9

### III.    CONCLUSION

For the reasons stated above, the Court DENIES Defendants' motion to vacate the default judgment.  The Clerk of Court is directed to mail copies of this Order to Defendants at 46 Red Spring Lane, Glen Cove, New York 11542.

**SO ORDERED.**

Dated:  March 14, 2025
Central Islip, New York

_____/s/   (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE